No. 03-834

IN THE SUPREME COURT OF THE STATE OF MONTANA

2005 MT 131N

JAMES HOUGHTALING,

        Petitioner and Appellant,

   v.

STATE OF MONTANA,

        Respondent and Respondent.


APPEAL FROM:    District Court of the Eighteenth Judicial District,
                      In and for the County of Gallatin, Cause No. DV 03-395,
                      The Honorable Mike Salvagni, Judge presiding.


COUNSEL OF RECORD:

        For Appellant:

                Mariah Eastman and Casey Moore, Gallatin County Public Defenders,
                Bozeman, Montana


        For Respondent:

                Hon. Mike McGrath, Attorney General; Pamela P. Collins,
                Assistant Attorney General, Helena, Montana

                Marty Lambert, Gallatin County Attorney; Ashley Harrington, Deputy
                County Attorney, Bozeman, Montana


                          Submitted on Briefs:  May 3, 2005

                                 Decided:  May 26, 2005

Filed:

_____
                           Clerk

Justice Brian Morris delivered the Opinion of the Court.

¶1 Pursuant to Section I, Paragraph 3(d)(v), Montana Supreme Court 1996 Internal Operating Rules, as amended in 2003, the following memorandum decision shall not be cited as precedent. Its case title, Supreme Court cause number and disposition shall be included in this Court's quarterly list of nonciteable cases published in the Pacific Reporter and Montana Reports.

¶2 James Houghtaling (Houghtaling) appeals from the denial of his third petition for postconviction relief by the Eighteenth Judicial District Court, Gallatin County. We affirm.

¶3 Houghtaling began filing serial motions after the District Court sentenced him to a four year commitment with the Department of Corrections for fourth offense DUI, a felony. The District Court and this Court reviewed and rejected each of Houghtaling's motions and appeals. Houghtaling filed his latest attempt to obtain collateral relief from his conviction and sentence as an Application for Habeas Corpus (Application). We previously held that Houghtaling's Application was, in reality, a petition for postconviction relief and remanded it to the District Court for consideration as such. The District Court determined Houghtaling's effort to constitute his third postconviction relief petition. We agree and conclude that § 46-21-105(1)(b), MCA, bars Houghtaling's latest attempt to collaterally attack his conviction and sentence.

¶4 We have determined to decide this case pursuant to Section I, Paragraph 3(d) of our 1996 Internal Operating Rules, as amended in 2003, which provides for memorandum opinions. Houghtaling's issues are clearly barred from review under settled Montana law.

2

Houghtaling's third postconviction petition attempt is time-barred by § 46-21-105(1)(b), MCA.

¶5 Affirmed.

/S/ BRIAN MORRIS

We Concur:

/S/ KARLA M. GRAY
/S/ JOHN WARNER
/S/ JAMES C. NELSON
/S/ JIM RICE